### CASEMENT v. SQUIER, Warden.
### No. 10307.

Circuit Court of Appeals, Ninth Circuit.

Nov. 5, 1943.

LeRoy L. Lomax, of Portland, Or., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, STEPHENS and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Gerald E. Casement, a federal penitentiary prisoner, sought his freedom by applying to the United States District Court Judge for the writ of habeas corpus directed to P. J. Squier, warden. The judge dismissed the petition and petitioner appeals.

Petitioner is serving a sentence imposed upon him by the United States Court for China, and the only reason given for his claimed right to be forthwith released from custody is that he was denied a jury in his trial for murder and that the Constitution of the United States guaranteed him this right.

The United States Court for China is provided for and governed by the Act of June 30, 1906, 34 Stat. 814, 22 U.S.C.A. § 191, et seq. In § 191, 22 U.S.C.A., it is provided in part: "A court is hereby established, to be called the United States Court for China, which shall have exclusive jurisdiction in all cases and judicial proceedings whereof jurisdiction may have been exercised, prior to June 30, 1906, by United States consuls and ministers by law and by virtue of treaties between the United States and China except insofar as the said jurisdiction is qualified by sections 192 [minor civil and criminal matters] and 193 [administration of estates] of this title." It is specified in § 195, 22 U.S.C.A. that: "Jurisdiction of the United States Court for China * * * shall in all cases be exercised in conformity with the treaties and the laws of the United States now in force in reference to the American consular courts in China * * *." Consuls were granted general criminal jurisdiction over offenses committed in certain countries, including China, by the provisions of Revised Statutes § 4084, 22 U.S.C.A. § 142. Under the act of its creation the United States Court for China supplanted the consular courts in China with respect to the majority of cases within the jurisdiction of the latter, including the crime of murder.

The United States Supreme Court in 1890 in Re Ross, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581, a habeas corpus proceeding, upheld the validity of a judgment for murder by a consular court acting without a jury. The court declared, page 464 of 140 U.S., page 900 of 11 S.Ct.: "By the constitution a government is ordained and established 'for the United States of America,' and not for countries outside of their

limits. The guarantees it affords against accusation of capital or infamous crimes, except by indictment or presentmnt by a grand jury, and for an impartial trial by a jury when thus accused, apply only to citizens and others within the United States, or who are brought there for trial for alleged offenses committed elsewhere, and not to residents or temporary sojourners abroad. * * * The constitution can have no operation in another country."

See Ex parte Bakelite Corporation, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789, as to authority of Congress to create courts; Husar v. United States, 9 Cir., 26 F.2d 847, for details as to Constitution of Court for China; Biddle v. United States, 9 Cir., 156 F. 759, same; Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128, 1 Ann.Cas. 697, the constitution of United States and territorial government.

Affirmed.